UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY CAPRARO IV,**

    **Plaintiff,**

v.                                                  Case No.:  6:25-cv-66-RBD-NWH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff Anthony Capraro, IV's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIB"). In a decision dated July 26, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled because he did not have a severe impairment or combination of impairments. (Tr. 12-29). Plaintiff has exhausted his available administrative remedies, and this case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 15, 19, 21), and the applicable law. For the reasons set forth below, the undersigned respectfully recommends that the Commissioner's decision be reversed and remanded for further administrative proceedings.

## BACKGROUND

On February 21, 2023, Plaintiff filed an application for DIB, alleging disability due to "kidney issues, cirrhosis, heart issues, hypothyroidism, stomach ulcers, hypertension, migraines, gastric ulcers, low hemoglobin and depression." (Tr. 48). His alleged disability onset date is May 1, 2018, and his date last insured is June 30, 2021 (Tr. 15, 33 *see* Tr. 300). The Commissioner denied Plaintiff's claims both initially and upon reconsideration.[1] (Tr. 15). After an administrative hearing (Tr. 30-47), the ALJ issued a decision finding Plaintiff not disabled (Tr. 12-29). The Appeals Council denied Plaintiff's request for review (Tr. 1–7), and he now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) (Doc. 1).

## ISSUES ON APPEAL

Plaintiff raises the following issues on appeal:

1. Whether the ALJ erred when she found that Plaintiff had no severe physical or mental impairments; and

2. Whether the ALJ's credibility finding is not supported by substantial evidence, *i.e.*, whether she failed to properly evaluate Plaintiff's subjective complaints.

(Doc. 15 at 3).

---

[1] Plaintiff's allegations of impairments upon reconsideration were listed as: "Kidney damage stage 3B, cirrhosis of liver stage 4, Bundle branch block heart condition, Hypothyrodisim, Stomach ulcers, high blood pressure, migraines, gastric bypass 2012 caused ulcers, low hemoglobin levels (iron infusions), Depression. Changed Condition 2023. hospitalizations. New Condition 2023. Hospitalizations." (Tr. 55).

## STANDARD AND ALJ FINDINGS

An individual is considered disabled and entitled to disability benefits if he is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In evaluating a disability claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.
2. If the impairment is determined not to be severe—*i.e.*, if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.
3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.
4. If the claimant has the residual functional capacity to perform past work, then the claim is denied.
5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

20 C.F.R. § 404.1520; *see Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1283 (11th Cir. 2025).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity "during the period from his alleged onset date of December 1, 2017

[sic] through his date last insured of June 30, 2021."[2] (Tr. 17). At step two, the ALJ found:

> Through the date last insured of June 30, 2021, the claimant had the following medically determinable impairments: stable cirrhosis; stable portosystemic shunting with large caliber; stable splenomegaly; stable shotty periportal lymph nodes; bilateral non-obstructing nephrolithiasis; mild anemia; anxiety; and depression (20 CFR 404.1521 *et seq.*).
>
> Through the date last insured of June 30, 2021, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

(Tr. 17-18).

## SCOPE OF JUDICIAL REVIEW

On judicial review, a court may determine only whether the ALJ's decision "is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)) (internal quotation marks omitted). The court may "not reweigh the evidence or substitute [its] own judgment for that of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).[3]

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla"; it is "such relevant evidence as a reasonable person would accept as adequate to

---

[2] Plaintiff amended his alleged disability onset date to May 1, 2018. (Tr. 33; *see* Tr. 300).

[3] The Court appreciates that unpublished Eleventh Circuit opinions constitute persuasive, and not binding, authority.

4

support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766, 774 (11th Cir. 2019) (quoting *Lewis*, 125 F.3d at 1439) (internal quotation marks omitted). A court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). "Even if the evidence preponderates against the [Commissioner's] findings, [the court] must affirm if the [Commissioner's] decision is supported by substantial evidence." *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford*, 363 F.3d at 1158–59).

## DISCUSSION

This appeal turns on the ALJ's finding at step two that Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (Tr. 19). After careful consideration, the undersigned finds that the ALJ's limited analysis regarding Plaintiff's impairments and symptoms thereof (particularly, Plaintiff's gastrointestinal symptoms) precludes meaningful review of her decision; thus, it is impossible to determine whether her decision is supported by substantial evidence.

In her decision, the ALJ explained:

> The claimant alleges disability due to migraines, dizziness, nausea, poor balance, fatigue, and lower extremity weakness. He alleges limitations lifting, squatting, bending, reaching, walking, balancing, kneeling, and talking. The claimant also alleges he needs to use a cane to ambulate. . . .
>
> After considering the evidence of record the date last insured of June 30, 2021, the undersigned finds that the claimant's medically determinable

5

> impairments could have reasonably been expected to produce the alleged symptoms; however, claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent for the reasons explained in this decision.
>
> The medical evidence reveals a history of gastric bypass in 2012 and that the claimant received treatment for cirrhosis, nephrolithiasis, anemia, hepatic encephalopathy, and abdominal ulcer. However, the objective medical evidence fails to show that these impairments alone or in combination have significantly limited the claimant's ability to perform basic work activities as outlined in SSR-85-28. . . .
>
> Based on the foregoing, the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Specifically, the objective medical evidence has failed to show that the claimant's impairments resulted in significant limitations in the claimant's ability to: perform physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; see, hear, or speak; understand, carry out, and remember simple instructions; use of judgment; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting; as outlined in SSR 85-28. Thus, the claimant does not have a severe impairment or combination of impairments.

(Tr. 19, 22).

The ALJ summarized the following medical records from May 1, 2018 (Plaintiff's alleged disability onset date) to June 30, 2021 (Plaintiff's date last insured) as part of her analysis:

- Medical records from Plaintiff's physical examination at Orlando Health Physician Associates ("OHPA") on July 25, 2019;

- Medical records from Plaintiff's hospitalization at Orlando Health – Health Central Hospital ("OHH") on December 31, 2019;

- Medical records from Plaintiff's follow up appointment at OHPA on March 31, 2020; and

- Medical records from Plaintiff's hospitalization at Advent Health Emergency Department ("AH ED") on June 6, 2020.

(Tr. 19-21). She also reviewed medical records from dates prior to and following the relevant time period—including records documenting additional hospitalizations. (Tr. 19-21).

When considered together, the ALJ's summary of Plaintiff's impairments and symptoms generally correlates with Plaintiff's allegations. (*See* Tr. 48, 55). However, the ALJ failed to adequately justify and support her conclusions: (1) that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent" and (2) that "the objective medical evidence fails to show that [Plaintiff's] impairments alone or in combination have significantly limited [his] ability to perform basic work activities." (Tr. 16-23).

Although the ALJ cited to and summarized several of Plaintiff's medical records, she did not explain what she relied on in discounting "the intensity, persistence, and limiting effects" of Plaintiff's symptoms, nor did she explain how she evaluated the "objective medical evidence." Thus, it is unclear whether the ALJ was referring to the medical records she summarized, other records in the transcript, or Plaintiff's own statements.

Notably, Plaintiff's chronic nausea and vomiting are reiterated in *every* medical record that the ALJ cited in her decision. (*See* Tr. 495 (OHPA record dated August 1, 2017); 537 (AH ED record dated September 23, 2017); 2406 (OHH record dated

7

January 28, 2018); 499 (OHPA record dated April 4, 2018, noting "N, V (3x per week) chronic, no change"); 510 (OHPA record dated May 18, 2018); 513-515 (OHPA record dated July 25, 2019, noting "nausea, vomiting . . . chronic – no change currently"); 2372-2373 (OHH record dated December 30, 2019, noting "[t]oday he has had several bouts of vomiting"); 440-441 (OHPA record dated March 31, 2020); 532 (AH ED record dated June 6, 2020); 2209 (OHH record dated February 22, 2022, noting "[p]ositive for abdominal pain, nausea and vomiting")). Moreover, at the hearing, Plaintiff testified that he was "[j]ust feeling awful and nauseous" and "was throwing up at least once a day every day" during the relevant time period. (Tr. 40-41). These consistent, well-documented gastrointestinal symptoms—which appear to the undersigned to be sufficiently severe on their own—were mentioned by the ALJ only in passing. (*See* Tr. 12-29).

An ALJ "has a basic obligation to develop a full and fair record." *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1010 (11th Cir. 2016) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)). "A full and fair record enables the reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Id.* (citing *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988)). A court "must reverse when the ALJ has failed to provide sufficient reasoning to enable [it] to conclude that the proper legal analysis has been conducted." *Id.* (citing *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

Case 6:25-cv-00066-RBD-NWH   Document 22   Filed 11/24/25   Page 9 of 11 PageID 3100

> The Eleventh Circuit has described step two as a "threshold inquiry":
>
> It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that [his] impairment is not so slight and its effect is not so minimal.

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Here, the ALJ failed to build a logical bridge from the evidence to her conclusion regarding "the intensity, persistence, and limiting effects" of Plaintiff's symptoms and to her evaluation of the "objective medical evidence." *See Sole v. Comm'r of Soc. Sec.*, No. 6:21-cv-292-JA-EJK, 2022 WL 2490502, at *3 (M.D. Fla. June 13, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 2464461 (M.D. Fla. July 6, 2022); *see Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion. The ALJ must also sufficiently articulate his or her assessment of the evidence to assure the court that they have considered the important evidence so that the court may trace the path of the ALJ's reasoning to his or her conclusion." (citations and internal quotation marks omitted)).

The ALJ's lack of reasoning regarding how she determined Plaintiff's impairments and evaluated Plaintiff's symptoms precludes the undersigned from considering whether she conducted the proper legal analysis. Because this constitutes

reversible error, the undersigned recommends that the Court reverse the ALJ's decision and remand the case to the Commissioner to address this issue.

## RECOMMENDATION

Upon consideration of the foregoing, the undersigned respectfully recommends that the Court enter an Order **DIRECTING** the Clerk of Court to:

1. **ENTER JUDGMENT**—pursuant to sentence four of 42 U.S.C. § 405(g)—**REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to (a) state the reasons for finding that Plaintiff's physical and mental impairments *and* accompanying symptoms, considered singly and in combination, do not significantly limit Plaintiff's ability to perform basic work activities; (b) reconsider whether Plaintiff had a severe impairment or combination of impairments, if appropriate; and (c) conduct any further proceedings deemed appropriate and
2. **CLOSE** the file following the entry of judgment.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 24, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties